THE STATE for use, etc., *v.* W. E. BUTLER *et al.*

CONSTITUTIONAL LAW. *Indebtedness of Memphis.* The acts of 1883, ch. 162 and 190, are inoperative and invalid so far as they purport to change or direct the rights of creditors acquired under the act of 1879, ch. 92. A compliance with the provisions of that act conferred rights which cannot be impaired by subsequent legislation.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

W. M. RANDOLPH, MYERS & SNEED and M. MERRIWETHER for complainants.

GANTT & PATTERSON, POSTON & POSTON, FINLAY & PETERS for defendants.

DEADERICK, C. J., delivered the opinion of the court.

In this case the receiver and back-tax collector for Memphis, appointed under chapter 92, acts of 1879, applied for instructions of the chancery court at Memphis. In his petition or application for instructions, he represents that the act of March 23, 1883, amending section 5 of chapter 92 of the act of 1879, and

the act of March 27, 1883, which makes the indebtedness due policemen, firemen and other employees for 1878 and January, 1879, receivable for the general taxes of 1875 and 1876, materially modify the character of indebtedness receivable for back-taxes. The receiver was notified by attorneys of creditors not to proceed to collect under said acts of 1883, as they would contest their constitutionality.

The receiver exhibited with his petition, tables showing in what the debts of Memphis, incurred prior to the repeal of its charter, were payable by the acts of 1879, and how far, and in what particular, modified by the acts of 1883.

Upon argument, the chancellor held the acts in question valid, and decreed accordingly, and a number of the creditors have appealed to this court.

Under the act of 1879, the receiver and back-tax collector therein are authorized to be appointed by the Governor, was directed to file a bill in the name of the State in behalf of all the creditors, and against all delinquent tax-payers who owed taxes to the extinct corporation, at the time of the repeal of its charter.

This bill was filed under that act. The court in said proceeding was empowered to settle all equities, priorities and liens, and give full relief to creditors and defendants. The taxes, when collected, were to be paid into the treasury of the State, in order that the Treasurer may pay the same according to any lien, priority or equity, if any, which may be declared by the chancery court touching any of said funds, in favor of any creditor or class of creditors.

The act of 1879 also prescribed the character of indebtedness receivable for back-taxes. It is also provided that publication shall make all creditors parties, and this publication was made, and the filing of claims by creditors, attested by affidavits, if not contested, entitle the same to payment *pro rata.*

The record shows that the appealing creditors "have established claims in this cause." Upon these facts appellants claim that at the time of the repeal of the charter of Memphis, the taxes then due it were vested in the State to be disposed of, for the payment of its debts; that by the act of 1879, those taxes were devoted to the creditors, and the mode of collection and distribution were directed, and having established their claims in this case, the Legislature could not, by subsequent acts, direct the taxes thus declared a fund, or source from which their debts were to be paid, to other uses.

They insist that said acts of 1883 are inoperative to destroy the rights of creditors acquired under the act of 1879, and the proceedings in the chancery court under said act, and that the Legislature had no power to take from the class of creditors, to whose claim they had directed specific taxes to be applied, the taxes thus appropriated, and direct their application to other and different purposes, such creditors having complied with the conditions upon which the appropriation was directed.

In the case of *Memphis* v. *United States,* 7 Otto, 293, it was held "that the relator had acquired a vested right by his judgment, and his alternative writ

of *mandamus*, to have a tax levied sufficient to pay the debt due to him from the city; a right of which he could be deprived by no subsequent act of the Legislature." "We do not deny," the court adds, "that it is competent for a Legislature to repeal an act, which, when it was passed, was a mere gratuity, if while it was in existence, no vested rights have been acquired under it or by virtue of it."

The right which the relator had was conferred by the act of the Legislature of this State, passed in 1873. He obtained judgment, and pursuing his remedy, under said act, issued the alternative writ of *mandamus*, and the day after its issuance, the act of 1873 was repealed, and it was held that when the alternative *mandamus* was issued, a proceeding was commenced under and by virtue of the statute, and the repealing act was inoperative and void, so far as it undertook to take away the rights the relator had "in force of his judgment."

By the act of 1879, the chancery court, in which the general creditor's bill was directed to be filed against said delinquent tax-payers, was empowered to give all the relief, both to the defendants and to creditors, that might be given, if there were as many separate suits as there are creditors and delinquent tax-payers, and to enforce all liens upon property for the payment of such taxes, and to make all sales of property necessary to the collection of such taxes, and the simple filing of their claims by creditors attested by affidavit of the claimant, if not contested, it is declared by the act, shall entitle the same to payment *pro rata.*

State *v.* Butler.

Appellants, under this act, accepting its offer, have filed and established their claims as required by the act, and this the act declares entitles them to have said claims paid *pro rata* out of the fund set apart for their benefit.

Under the provisions of said act of 1879, we think the appellants were vested with the right to have their claims satisfied as prescribed by said act, and that the acts of 1883 could not destroy or interfere with said rights.

At the last term of this court, in the unreported case of the *State* v. *Butler*, in an elaborate and carefully prepared opinion by Judge Cooper, this court declared the manner in which the creditors of the extinct municipality of Memphis were to be paid under the act of 1879, and although it was not expressly adjudicated, the questions in that case not requiring such adjudication, yet it seemed to be assumed, that the action of the Legislature, and of the creditors in conforming thereto, had settled the rights of the creditors and the delinquent tax-payers.

We are of opinion that the acts of 1883 are inoperative and invalid, so far as they purport to change or divest the rights of creditors acquired under the act of 1879, and the bill filed pursuant thereto, and that act must be held as binding upon the State, and a settlement of the questions embraced in it.

The chancellor's decree will be reversed, and the costs of this court will be paid by the receiver out of funds in his hands as such receiver.